**GAN–DI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–1109–ag.

United States Court of Appeals, Second Circuit.

June 19, 2006.

Vlad Kuzmin, New York, New York, for Petitioner.

Norman Cairns, Assistant United States Attorney, Albuquerque, New Mexico, for David C. Iglesias, United States Attorney, District of New Mexico, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Gan–Di Lin (A 70 904 584), though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Roxanne Hladylowycz's decision denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

The BIA did not adopt the IJ's adverse credibility finding, affirming instead on the basis that Lin "failed to meet his burden of establishing past persecution or a well-founded fear of persecution on account of one of the statutorily protected grounds, or that he is more likely than not to be persecuted if he must return to China." Accordingly, we review the IJ's findings as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). In doing so, we review the agency's conclusions of law *de novo*, including "what evidence will suffice to carry any asylum applicant's burden of proof," *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (citation omitted), and its factual

findings under the substantial evidence standard, treating these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We agree with the BIA that Lin has not met his burden of showing that he suffered past persecution or has a well-founded fear of future persecution. With respect to the first, we agree that Lin's termination from his place of employment, standing alone, does not constitute the sort of "extreme" conduct encompassed by the term persecution. *See, e.g., Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (quoting *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) for the proposition that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive."). With regard to the second, we likewise conclude that the testimonial and documentary evidence proffered by Lin is insufficient to establish that there is an objective basis for his subjective fear that he will be persecuted for his involvement fifteen years ago in a protest directed at the allegedly corrupt leadership of a single business enterprise.

Accordingly, Lin's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).